IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 22-CV-11540 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER**

Plaintiff John Doe ("***John***"), by his undersigned attorneys Susan C. Stone and Kristina W. Supler of Kohrman, Jackson and Krantz LLP; and Ruth O'Meara-Costello of Zalkind, Duncan and Bernstein LLP; seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff and for a protective order. In this case, John appropriately seeks to proceed under pseudonym in accordance with each guiding factor set forth by this Circuit's recent decision in *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, (1st Cir. Aug. 24, 2022). John further provides an affidavit supporting John's request to proceed under pseudonym in this case. *See* Exhibit 1, Affidavit of John Doe (the "***John Doe Affidavit***"), at ¶¶ 1-6.

Plaintiff's identity, as described in the Complaint, should not be disclosed to the public due to the nature of declarations in said Complaint. *See id*. Additionally, Plaintiff is prepared to provide a statement of his true identity under seal, and in accordance with a protective order.

**I.      STATEMENT OF FACTS**

The following summary is based upon the accompanying Complaint and the John Doe

1

Affidavit. This Title IX, breach of contract, promissory estoppel, and breach of contract/common law denial of basic fairness/arbitrary and capricious decision-making suit is brought on behalf of John, who was expelled from Massachusetts Institute of Technology ("**MIT**") following MIT's mishandling of John's allegations of abuse against John's ex-girlfriend, Jane Roe ("**Jane**") (a pseudonym) as well as Jane's false allegations of sexual misconduct lodged against John.

At the outset of this dispute, John and Jane were two MIT students engaged in an off-again-on-again relationship. During their relationship, Jane abused John, both sexually and physically. Following John and Jane's final, emotionally-charged breakup, Jane involved MIT, seeking a mutual no-contact order between herself and John. John was informed of Jane's request by Sarah Rankin, MIT's Title IX coordinator. Upon hearing of Jane's request, John disclosed Jane's history of abuse to Ms. Rankin. John was immediately met with suspicion and disbelief from MIT's Title IX office regarding the abuse he suffered at the hands of Jane, due to John's male gender.

John initially declined to file a formal Title IX complaint against Jane due to the negative, incredulous, and dismissive attitudes of MIT's Title IX personnel in response to his reports of abuse. MIT personnel also failed to file a Title IX complaint on John's behalf following his disclosure of Jane's abuse. After John had disclosed Jane's abuse to Ms. Rankin, Ms. Rankin informed Jane of John's report without John's knowledge or consent. Then, Jane filed a Title IX complaint against John, alleging that John had physically abused *her*.

John eventually pursued a formal Title IX complaint against Jane outlining Jane's physical and sexual abuse. John's and Jane's complaints were investigated and adjudicated together. By way of example, but not limitation, MIT demonstrated anti-male bias during the investigation and adjudication process in the following ways: (i) despite a "mutual" no-contact order being placed into effect, John alone was required to vacate his dwelling while MIT permitted Jane to remain in

place; (ii) investigators stated that they found it "implausible" that John could have feared Jane[1]; and (iii) MIT differentially assessed John and Jane's demeanors, evidence, and corroboration, despite similar evidence being submitted by either party; among other procedural and substantive errors.

Despite significant similarities in the claims and evidence submitted by John and Jane, John alone was expelled from MIT and found responsible for all charges against him. Jane was found responsible for only one policy violation, and was permitted to remain a student at MIT.

John brings his Complaint to remedy the damage caused by MIT's substantive and procedural errors, caused by anti-male gender bias, with regard to the investigation and adjudication of John's and Jane's Title IX proceedings. But for MIT's gender bias, John would have been permitted to graduate from MIT in good standing. Instead, John has been forced to file the instant action in order to vindicate his character.

## II.  LAW AND ARGUMENT

The weight of authority across the country weighs in favor of allowing John to proceed under a pseudonym, including authority within this Circuit. *See, e.g., Doe v. Brandeis* 117 F. Supp.3d 561 (D. Mass. 2016) (permitting the use of a pseudonym after weighing factors because plaintiff could be subject to "social stigmatization" if his identity were disclosed in a lawsuit against a university which found him responsible for sexual misconduct); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. TN 2009) (overruling university's objections to Magistrate Judge Lee's Memorandum and Order that granted the plaintiffs' motion to proceed under pseudonyms); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. VA 2016) ("[T]he court concludes that Doe's privacy

---

[1] Jane was physically larger than John, at 5'11" and 180 lbs., while John is 5'7" and 150 lbs.

interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. The court also finds good cause to protect Roe and the other students involved in the disciplinary proceedings, and so the use of their real names will be prohibited as well."); *Doe v. Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. VA 2016) ("[T]he use of a pseudonym is an appropriately tailored means of protecting plaintiff's and Roe's interests without unduly restricting public access to litigation materials."); *Doe v. Brown Univ.*, C.A. No. 15-144 (D.R.I. Apr. 14, 2015). Although "'pseudonymous plaintiffs were once a rarity,' it is [] undoubtedly true that the practice has become increasingly common over the last 50 years." *B.R. v. F.C.S.B., et al.*, No. 21-1005 (4th Cir. November 2, 2021) citing *In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 81 (D.C. Cir. 2019) (Williams, J., concurring in part and dissenting in part).

This year, this Circuit has set forth the standard for assessing a motion for a civil litigant to proceed under pseudonym following an interlocutory appeal of the denial of such motion by the District of Massachusetts. *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *19-22. The relevant factors identified by this Circuit include (i) whether the plaintiff fears that being identified would subject him to unusually severe physical and/or psychological harm; (ii) whether identifying the plaintiff would subject non-parties to harm; (iii) whether anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (iv) whether a prior action in which anonymity was granted would be compromised by the institution of a new suit naming the parties to the prior action. *See id*.

No federal statue prohibits litigants from filing civil actions under fictitious names. *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *10-12. However, Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties[,]"

4

and Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest[.]" To overcome the presumption of openness in judicial proceedings, this Circuit has set forth four factors for courts to apply in a comprehensive, "totality of the circumstances," analysis of motions to proceed under pseudonym. *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *17. This Circuit recognized that "[o]nce the litigant's true name is revealed on the public docket, the toothpaste is out of the tube and the media or other interested onlookers may take notice[.]" *Id. citing FTC v. Standard fin. Mgmt.,* 830 F.2d 404, 407 (1st Cir. 1987).

The party seeking pseudonymity bears the burden of rebutting the presumption against it. *Id.* at *25. In most cases, the district court should require a declaration or affidavit either by the moving party or by someone with special knowledge who can speak to the need for anonymity in that case. *Id. citing, e.g., Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (relying on opinion of person familiar with prison system); *Doe v. Trs. of Indiana Univ.*, No. 12-1593, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013) (relying on affidavit from plaintiff's psychiatrist). In light of the serious and personal nature of the allegations contained in the Complaint, John is justifiably concerned about the possibility of acts of reprisal that could further prevent John from proceeding with his future endeavors, and inflict further harm, including the precise type of harm from which John seeks relief in this action. *See* Exh.1, John Doe Affidavit, at ¶¶ 1-6.

      **A.**    **John reasonably fears that coming out of the shadows will cause him unusually severe physical and/or mental harm**.

John reasonably fears that revealing his name will cause him severe mental distress and harm. John submits with his Motion to Proceed Under Pseudonym and for Protective Order a related affidavit attesting to this reasonable fear. *See* Exh.1, Doe Affidavit, at ¶¶ 1-6. John has

suffered reputational damages as well as mental suffering, and John's damages would only increase if John were to be subjected to public scrutiny through disclosure of his identity. *See* Complt. ¶¶ 269, 295, 309, 328-329, 336-337, 347.

### B. John's case is one in which compelled disclosure of John's true name will likely lead to disclosure of a nonparty's identity.

John's Complaint is intimately related to other students, risking revelation of those students' identities. The related parties include Jane Roe, identified under pseudonym to protect her identity as well as John's. *See* Complt., ¶¶ 2, 19-60, 100-242. Disclosure of John's identity would necessarily reveal Jane's identity, given their prior relationship and context provided in the Complaint. *See id.* John's Complaint also concerns student witnesses to the Title IX process, including Witness A, whose identity is also kept anonymous in the Complaint outlining John's claims. *See* Complt., ¶¶ 165-168.

### C. John's case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating.

This Circuit recognized that "the public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of public exposure." *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *9, citing *Doe v. Megless*, 654 F.3d 404, 410 (3d Cir. 2011) (listing, as factor favoring use of pseudonym, whether "other similarly situated litigants [will] be deterred from litigating claims that the public would like to have litigated); and *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1073 (9th Cir. 2000) ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.")

Additionally, the "discernable chill" upon petitioning activity risked by forcing litigators to proceed under their own names is especially poignant in the Title IX context. *See Mohawk*

*Indus., Inc. v. Carpenter*, 558 U.S. 100, 110 (2009). In assessing this factor, the focus is on "the class of claims, taken as a whole." *See id.*

Here, "[i]t makes little sense to lift the veil of pseudonymity that – for good reason – would otherwise cover these proceedings simply because <u>the university</u> erred and left the accused with no redress other than a resort to federal litigation." *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (emphasis in original); *see also* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 132 Fed. Reg. 41390, 41453 (July 12, 2022) (setting forth Department's "tentative view" that any unauthorized disclosure of Title IX proceedings "may chill reporting of sex discrimination or participation in the [college's] efforts to address sex discrimination"). Thus, "the public has an abiding interest that the values underpinning the confidentiality protections imposed by FERPA and Title IX are not subverted by collateral attacks in federal court." *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *33.

### D. A Related Action was Engaged Pseudonymously, and Revealing the Names of Participants in this Action would Compromise the Prior Grant of Anonymity.

The underlying disciplinary proceeding in John's case that precipitated this action was brought under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and was conducted confidentially in accordance with the law and its related implementing regulations. *See* 34 C.F.R. pt. 106. Additionally, John has filed a complaint with the Office of Civil Rights of the United States Department of Education, also under pseudonym, seeking relief for the discrimination he suffered in connection with the Title IX process. This scenario implicates "the fourth paradigm of exceptional cases" identified by this Circuit in *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *34. Revelation of John's identity in this matter would

compromise the anonymity provided in both John's Title IX matter as well as his pseudonymous complaint to the Department of Education's Office of Civil Rights. Confidentiality is an important aspect of education law as evidenced by the enactment of the Family Educational Rights and Privacy Act of 1975 (FERPA), 88 Stat. 571, 20 U.S.C. § 1232g. Congress prohibits educational institutions from unilaterally disclosing "sensitive information about students," *Owasso Indep. Sch. Dist. No I-011 v. Falvo*, 534 U.S. 426, 428 (2002), subject to enumerated exceptions. Universities subject to FERPA may not disclose students' "education records," including disciplinary records. *See* 20 U.S.C. § 1232g(a)(4)(A), (b)(1); *United States v. Mia. Univ.*, 294 F.3d 797, 812 (6th Cir. 2002).

The relevant regulations implementing Title IX likewise require universities to "keep confidential the identity of any individual who has made a report or complaint of sex discrimination, including…any individual who has been reported to be the perpetrator of sex discrimination," subject to few exceptions. 34 C.F.R. § 106.71. While "FERPA and Title IX govern the conduct of schools – not judicial decisions concerning the extent of public access to information on the court's docket…courts cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity." *Doe v. Mass. Inst. of Tech.*, No. 22-1056, 2022 U.S. App. LEXIS 23715, at *31, *citing Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F. 3d 661, 675 (D.C. Cir. 2017); *Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 19-23 (D.D.C. 2016). This factor also weighs in favor of John's request to proceed under pseudonym and for a protective order.

### III. CONCLUSION

John respectfully requests leave to proceed under pseudonym in this litigation. John's request should be granted because (i) John fears that being identified would subject him to

unusually severe psychological harm; (ii) identifying John would subject non-parties to harm; (iii) anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (iv) a previously-conducted Title IX proceeding in which anonymity was guaranteed would be compromised by the institution of this new suit naming the parties to the prior proceeding. *Doe v. Mass. Inst. of Tech.,* No. 22-1056, 2022 U.S. App. LEXIS 23715, at *19-22.

Dated: September 19, 2022                Respectfully submitted,

/s/ Ruth O'Meara-Costello
_____
Ruth O'Meara-Costello (BBO #667566)
ZALKIND DUNCAN & BERNSTEIN LLP
65 Atlantic Avenue
Boston, Massachusetts 02110
P: (617) 742-6020
F: (617) 742-3269
E: rcostello@zalkindlaw.com

Susan C. Stone
Kristina W. Supler
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com
*Motion to Admit Pro Hac Vice pending*

*Counsel for Plaintiff John Doe*