## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,

        Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,
        Defendant.

C.A. No. 1:22-cv-11540

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Massachusetts Institute of Technology ("MIT," the "Institute," or "Defendant") hereby answers the Complaint of Plaintiff John Doe ("Plaintiff"), stating as follows.

## INTRODUCTION

1.     MIT admits that the Institute expelled Plaintiff in September 2019 after he was found responsible for engaging in sexual misconduct in violation of MIT's policies.  MIT admits that Plaintiff has brought an action against MIT but denies that Plaintiff has asserted any viable claim against MIT.  MIT denies the remaining allegations in paragraph 1.

2.     MIT admits that Jane Roe is an MIT student and was formerly Plaintiff's girlfriend.  MIT denies the remaining allegations in paragraph 2.

3.     Denied that Plaintiff contacted MIT's Title IX office before Jane Roe.  As to the remainder of the paragraph, MIT is without sufficient information or knowledge regarding those allegations and therefore those allegations are denied.

4.     Denied.

5.     Denied.

1

## PARTIES

6.      Admitted on information and belief.

7.      Denied.

8.      Admitted.

9.      MIT admits the first and third sentences of the paragraph.  As to the second

sentence, MIT admits that it has published a "Mission and Objectives" statement in its Policies

and Procedures that states in part: "The mission of MIT is to advance knowledge and educate

students in science, technology, and other areas of scholarship that will best serve the nation and

the world in the 21st century" and "We seek to develop in each member of the MIT community

the ability and passion to work wisely, creatively, and effectively for the betterment of

humankind."  The full "Mission and Objectives" statement is available at:

https://policies.mit.edu/policies-procedures/10-institute/11-mission-and-objectives.

10.      Admitted.

11.      Admitted.

## JURISDICTION AND VENUE

12.      MIT admits that it is a "citizen" of the Commonwealth of Massachusetts for

purposes of diversity jurisdiction.  MIT is without sufficient information or knowledge as to the

allegations regarding Plaintiff's citizenship and therefore that allegation is denied.  The

remaining allegations in paragraph 12 state conclusions of law to which no responsive pleading

is required and are therefore denied.

13.      MIT is without sufficient information or knowledge to respond to the allegations

in paragraph 13 and therefore those allegations are denied.

14.      Paragraph 14 states conclusions of law to which no responsive pleading is

required and are therefore denied.

15.     MIT admits only that the Institute is located in the Commonwealth of Massachusetts, is a resident of the Commonwealth of Massachusetts, and that events which are the subject of this action took place in the Commonwealth of Massachusetts.  The remaining allegations in paragraph 15 state conclusions of law to which no responsive pleading is required and are therefore denied.

16.     Paragraph 16 states conclusions of law to which no responsive pleading is required and are therefore denied.

17.     Paragraph 17 states conclusions of law to which no responsive pleading is required and are therefore denied.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     Admitted on information and belief.

19.     Admitted that Plaintiff and Jane were assigned to the same dormitory for the 2017–2018 academic year and the 2018–2019 academic year.  Further answering, during the fall of 2019 Plaintiff resided for a time in his fraternity house.  MIT is without sufficient information or knowledge as to the remaining allegations in paragraph 19 and therefore those allegations are denied.

20.     Admitted on information and belief.

21.     MIT is without sufficient information or knowledge as to the allegations in paragraph 21 and therefore those allegations are denied.

22.     MIT is without sufficient information or knowledge as to the allegations in paragraph 22 and therefore those allegations are denied.

23.     MIT is without sufficient information or knowledge as to the allegations in paragraph 23 and therefore those allegations are denied.

24.     MIT is without sufficient information or knowledge as to the allegations in paragraph 24 and therefore those allegations are denied.

25.     MIT is without sufficient information or knowledge as to the allegations in paragraph 25 and therefore those allegations are denied.

26.     MIT is without sufficient information or knowledge as to the allegations in paragraph 26 and therefore those allegations are denied.

27.     MIT is without sufficient information or knowledge as to the allegations in paragraph 27 and therefore those allegations are denied.

28.     MIT is without sufficient information or knowledge as to the allegations in paragraph 28 and therefore those allegations are denied.

29.     MIT is without sufficient information or knowledge as to the allegations in paragraph 29 and therefore those allegations are denied.

30.     MIT is without sufficient information or knowledge as to the allegations in paragraph 30 and therefore those allegations are denied.

31.     MIT is without sufficient information or knowledge as to the allegations in paragraph 31 and therefore those allegations are denied.

32.     MIT is without sufficient information or knowledge as to the allegations in paragraph 32 and therefore those allegations are denied.

33.     MIT is without sufficient information or knowledge as to the allegations in paragraph 33 and therefore those allegations are denied.

34.     MIT is without sufficient information or knowledge as to the allegations in paragraph 34 and therefore those allegations are denied.

35.     MIT is without sufficient information or knowledge as to the allegations in paragraph 35 and therefore those allegations are denied.

36.     MIT is without sufficient information or knowledge as to the allegations in paragraph 36 and therefore those allegations are denied.

37.     MIT is without sufficient information or knowledge as to the allegations in paragraph 37 and therefore those allegations are denied.

38.     MIT is without sufficient information or knowledge as to the allegations in paragraph 38 and therefore those allegations are denied.

39.     MIT is without sufficient information or knowledge as to the allegations in paragraph 39 and therefore those allegations are denied.

40.     MIT is without sufficient information or knowledge as to the allegations in paragraph 40 and therefore those allegations are denied.

41.     MIT is without sufficient information or knowledge as to the allegations in paragraph 41 and therefore those allegations are denied.

42.     MIT is without sufficient information or knowledge as to the allegations in paragraph 42 and therefore those allegations are denied.

43.     MIT is without sufficient information or knowledge as to the allegations in paragraph 43 and therefore those allegations are denied.

44.     MIT is without sufficient information or knowledge as to the allegations in paragraph 44 and therefore those allegations are denied.

45.     MIT is without sufficient information or knowledge as to the allegations in paragraph 45 and therefore those allegations are denied.

46.     MIT is without sufficient information or knowledge as to the allegations in paragraph 46 and therefore those allegations are denied.

47.     MIT is without sufficient information or knowledge as to the allegations in paragraph 47 and therefore those allegations are denied.

48.     MIT is without sufficient information or knowledge as to the allegations in paragraph 48 and therefore those allegations are denied.

49.     MIT is without sufficient information or knowledge as to the allegations in paragraph 49 and therefore those allegations are denied.

50.     MIT is without sufficient information or knowledge as to the allegations in paragraph 50 and therefore those allegations are denied.

51.     MIT is without sufficient information or knowledge as to the allegations in paragraph 51 and therefore those allegations are denied.

52.     MIT is without sufficient information or knowledge as to the allegations in paragraph 52 and therefore those allegations are denied.

53.     MIT is without sufficient information or knowledge as to the allegations in paragraph 53 and therefore those allegations are denied.

54.     MIT is without sufficient information or knowledge as to the allegations in paragraph 54 and therefore those allegations are denied.

55.     Admitted.

56.     MIT is without sufficient information or knowledge as to the allegations in paragraph 56 and therefore those allegations are denied.

57.     MIT is without sufficient information or knowledge as to the allegations in paragraph 57 and therefore those allegations are denied.

58.     MIT admits that two investigators from MIT's Title IX Office investigated allegations by Plaintiff and Jane Roe, which resulted in the Report, further discussed below in paragraph 196. The Report, which addresses some of the allegations in paragraph 58, is a writing that speaks for itself, and any characterizations thereof are denied. To the extent not addressed in the Report, MIT is without sufficient information and those allegations are denied.

59.     MIT admits that, during the investigation of Jane's allegations, Plaintiff accepted responsibility for certain policy violations.  Otherwise denied.

60.     MIT is without sufficient information or knowledge as to the allegations in paragraph 60 and therefore those allegations are denied.

61.     MIT admits that the Title IX of the Education Amendment Act of 1972 includes the quoted language.  Otherwise denied.

62.     MIT admits that it receives federal funds.  The remaining allegations in paragraph 62 state conclusions of law to which no responsive pleading is required and are therefore denied.

63.     MIT admits only that on April 4, 2011, the Office for Civil Rights ("OCR") issued a "Dear Colleague" letter, that was later revoked (the "2011 Letter").  The remaining allegations in paragraph 63 state conclusions of law to which no responsive pleading is required and are therefore denied.

64.     MIT admits only that OCR did not conduct a public notice and comment process prior to issuing the 2011 Letter.  The remaining allegations in paragraph 64 state characterizations of a written document (the 2011 Letter) and/or conclusions of law to which no responsive pleading is required and are therefore denied.

65.     The 2011 Letter is a writing that speaks for itself, and any characterizations thereof are denied.

66.     The 2011 Letter is a writing that speaks for itself, and any characterizations thereof are denied.

67.     The 2011 Letter and the other statement described in this paragraph are writings that speak for themselves, and any characterizations thereof are denied.

68.     MIT admits only that, on September 22, 2017, OCR issued "Questions and Answers on Campus Sexual Assault" (the "2017 Q&A").  The 2017 Q&A is a writing that speaks for itself, and any characterizations thereof are denied.

69.     MIT admits only that OCR rescinded the 2011 Letter on September 22, 2017. MIT is without sufficient information or knowledge as to the remaining allegations in paragraph 69 and therefore those allegations are denied.

70.     Denied.

71.     Paragraph 71 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Paragraph 76 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

77.     Admitted that MIT had adopted policies and procedures for the investigation and adjudication of alleged sexual misconduct applicable during the 2017–2018, 2018–2019, and 2019–2020 academic years.  Further answering, the alleged conduct by Plaintiff and Jane Roe that was investigated by MIT, which occurred between October 2017 and January 2019, was

subject to the Sexual Misconduct Policy set forth in the 2017–2018 edition of MIT's Mind and

Hand Book (the "2017–2018 Mind and Hand Book") and to the Sexual Misconduct Policy set

forth in the 2018–2019 edition of MIT's Mind and Hand Book (the "2018–2019 Mind and Hand

Book"). The investigation of the allegations by Plaintiff and Jane Roe was governed by the

Institute Discrimination & Harassment Response Office Guide to the Investigation of Formal

Complaints of Discrimination and Discriminatory Harassment issued in February 2019 (the

"2019 IDHR Investigation Guide") and the Committee on Discipline Rules issued in February

2019 (the "2019 COD Rules").

78.     Denied.

79.     Admitted that the 2019 IDHR Investigation Guide and 2019 COD Rules applied

to the investigation of the allegations by Plaintiff and by Jane Roe.

80.     Paragraph 80 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

81.     Paragraph 81 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

82.     Paragraph 82 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

83.     Paragraph 83 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

84.     Paragraph 84 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

85.     Paragraph 85 purports to characterize a writing that speaks for itself, and any

characterizations thereof are denied.

86.    Paragraph 86 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

87.    Paragraph 87 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

88.    Paragraph 88 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

89.    Paragraph 89 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

90.    Paragraph 90 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

91.    Paragraph 91 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

92.    Paragraph 92 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

93.    Paragraph 93 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

94.    Paragraph 94 and its subsections purport to characterize a writing that speaks for itself, and any characterizations thereof are denied.

95.    Paragraph 95 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

96.    Paragraph 96 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

97.     Paragraph 97 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

98.     Paragraph 98 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

99.     Paragraph 99 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

100.    Admitted.  Further answering, the alleged conduct by Plaintiff and Jane Roe investigated by MIT, which occurred between October 2017 and January 2019, was subject to the 2017–2018 Mind and Hand Book and to the 2018–2019 Mind and Hand Book.

101.    Admitted that on or about February 5, 2019, Jane Roe made a report to MIT's Title IX Coordinator about Plaintiff's conduct and requested that MIT's Title IX office issue a no-contact order.  Otherwise denied.

102.    Admitted only that Jane Doe did not file a formal Title IX complaint on February 5 or 6, 2019.  Otherwise denied.

103.    Admitted that on February 13, 2019, MIT's Title IX Coordinator met with Plaintiff and his advisor and during this meeting informed Plaintiff that Jane Roe had requested a no-contact order.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.  Answering further, MIT's policies permitted Plaintiff to file a formal Title IX complaint at any time.

109.     Admitted that, consistent with her duties, MIT's Title IX Coordinator did not "encourage" either Plaintiff or Jane Roe to submit a formal Title IX complaint.  Otherwise denied.

110.     Admitted that MIT's Title IX Coordinator did not file a formal Title IX complaint on Plaintiff's behalf.  Otherwise denied.

111.     Admitted that on February 15, 2019, MIT's Title IX office issued a mutual no-contact order to both Plaintiff and Jane Roe.  Otherwise denied.

112.     Denied.

113.     Admitted that Jane Roe remained in her residence hall.  Otherwise denied.

114.     Denied.

115.     Admitted that MIT was informed that Plaintiff was voluntarily hospitalized on March 15, 2019.  Otherwise denied.

116.     MIT is without sufficient information or knowledge to respond to the allegations in paragraph 116 and therefore those allegations are denied.

117.     Denied.

118.     Admitted only that Jane Roe filed a formal complaint with the Title IX office on March 4, 2019.  MIT is without sufficient information or knowledge as to the remaining allegations in paragraph 118 and therefore those allegations are denied.

119.     Denied.

120.     Denied.

121.     Admitted only that Jane Roe filed a formal complaint with the Title IX office on March 4, 2019.  MIT is without sufficient information or knowledge as to the allegations in

paragraph 121 concerning Jane Roe's motivation for filing the formal complaint, and therefore those allegations are denied.

122.   MIT is without sufficient information or knowledge as to the allegations in paragraph 122 concerning Jane Roe's motivation, or any purported evidence thereof, and such allegations are therefore denied.

123.   MIT is without sufficient information or knowledge as to the allegations in paragraph 123 concerning Jane Roe's motivation, or any purported evidence thereof, and such allegations are therefore denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   MIT is without sufficient information or knowledge as to Plaintiff's knowledge and therefore denies the allegation with respect to same.  MIT denies the remainder of paragraph 127.

128.   Admitted that, consistent with her duties, MIT's Title IX Coordinator did not "encourage" either Plaintiff or Jane Roe to submit a formal Title IX complaint.  Otherwise denied.

129.   Admitted.

130.   Denied.

131.   Admitted only that Jane Roe filed a formal complaint with the Title IX office on March 4, 2019, which included an allegation that Plaintiff engaged in non-consensual sex with Jane Roe on or about September 23, 2018 (the "Roe Title IX Complaint").  Denied that the

March 4, 2019 complaint was an "additional Title IX complaint." All remaining allegations in paragraph 131 are denied.

132.    Paragraph 132 purports to characterize writings that speaks for themselves, and any characterizations thereof are denied.

133.    Denied.

134.    Denied.

135.    Admitted that on March 9, 2019, the day after learning of Jane Roe's Title IX Complaint, Plaintiff submitted to the Title IX Coordinator a document that provided a written response to Jane Roe's allegations and also served as a cross-complaint against Jane Roe (the "First Doe Complaint"). Answering further, on March 12, 2019, Plaintiff told the Investigators that he did not want to file the First Doe Complaint. Otherwise denied.

136.    Denied. Answering further, MIT's Title IX Coordinator informed Plaintiff about the Roe Title IX Complaint on March 8, 2019. On March 9, 2019, Plaintiff submitted a written response to the Roe Title IX Complaint. On March 11, 2019, the Investigators provided Plaintiff with a summary of additional information regarding the allegations in the Roe Title IX Complaint.

137.    Denied.

138.    Denied. Answering further, on March 12, 2019, Plaintiff indicated to the Investigators that he did not want to file the First Doe Complaint.

139.    Denied. Answering further, MIT's policies permitted Plaintiff to file a formal Title IX complaint at any time.

140.    Admitted that, consistent with her role, the Investigator did not "encourage" Plaintiff or Jane Roe to submit a Title IX complaint.

141.    Admitted.

142.    Denied.  Answering further, MIT's policies permitted Plaintiff to file a formal Title IX complaint at any time.

143.    Admitted that, consistent with his role, the other Investigator did not "encourage" Plaintiff or Jane Roe to submit a Title IX complaint.

144.    Admitted.

145.    Denied.

146.    Admitted that, on or about March 11, 2019, due to Plaintiff's violation of the previously issued no-contact order, the Division of Student Life issued an interim action letter temporarily prohibiting Plaintiff from residing in his assigned dorm and/or being present on the floor where Jane Roe resided.  Answering further, Plaintiff was permitted to continue to live in his fraternity house, to visit other floors of the residence hall where Jane Doe resided, and to attend classes and participate in other MIT activities.  Further admitted that Plaintiff appealed the interim action letter.  Otherwise denied.

147.    Admitted that Plaintiff's appeal of the interim action letter was denied.  Otherwise denied.

148.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 148 and therefore those allegations are denied.

149.    Admitted that on April 3, 2019, Plaintiff submitted a second formal Title IX complaint against Jane (the "Second Doe Complaint").  Answering further, Plaintiff informed the Investigators on April 5, 2019, and April 8, 2019, that he did not want the Investigators to proceed with reviewing the Second Doe Complaint.  Otherwise denied.

150.    Denied.

151.    Admitted that, on or about April 12, Plaintiff informed the Investigators that he wished to formally withdraw the Second Doe Complaint.  Otherwise denied.

152.    Admitted that on May 16, 2019, Plaintiff filed a police report with the MIT police.  Otherwise denied.

153.    Admitted that Jane Roe was interviewed by the Investigators on May 8, 2019. Otherwise denied.

154.    Admitted that Plaintiff filed a formal complaint with MIT's Title IX office on May 27, 2019 (the "Third Doe Complaint").  Otherwise denied.

155.    Admitted that on June 19, 2019, the Investigators communicated by email with Plaintiff about potentially combining the two investigations.  Answering further, the Investigators informed Plaintiff that the investigations could be combined, subject to certain deadlines so as not to delay Jane Roe's complaint, or Plaintiff could proceed with his complaint on his own timeline, in a separate investigation.  Otherwise, denied.

156.    Admitted.

157.    Admitted.

158.    Admitted.

159.    Admitted.

160.    Admitted that Plaintiff accepted responsibility for violating the following MIT policies: Intimate Partner Violence, Stalking, Property Damage and Destruction, Assault and Reckless Endangerment, Harassment, and Institute Expectations of Student Behavior and Integrity.  Further admitted that Plaintiff did not accept responsibility for violating MIT policies regarding Retaliation, Sexual Misconduct, and Unauthorized Access.

161.    Admitted that Plaintiff identified forty (40) potential witnesses during the Investigation.  Otherwise denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Admitted on information and belief.

166.    Plaintiff has not sufficiently identified the individual referred to "Witness A" for MIT to be able to respond to the allegations in paragraph 166, and therefore allegations concerning "Witness A" are denied.

167.    Plaintiff has not sufficiently identified the individual referred to "Witness A" for MIT to be able to respond to the allegations in paragraph 167, and therefore allegations concerning "Witness A" are denied.

168.    Plaintiff has not sufficiently identified the individual referred to "Witness A" for MIT to be able to respond to the allegations in paragraph 168, and therefore allegations concerning "Witness A" are denied.

169.    Plaintiff has not sufficiently identified the individual referred to "Witness A" for MIT to be able to respond to the allegations in paragraph 169, and therefore allegations concerning "Witness A" are denied.

170.    Plaintiff has not sufficiently identified the witnesses referred to in paragraph 170 for MIT to be able to respond to the allegations concerning those witnesses and therefore those allegations are denied.

171.    Admitted that the Investigators did not request information from the MIT police department concerning the police department's investigation of Plaintiff's police report.

Answering further, consistent with MIT's policies, Plaintiff had the opportunity to provide relevant evidence to the Investigators.  Further answering, the Investigators did review the police report made by Plaintiff.

172.    Admitted that, on August 21, 2019, Plaintiff requested that the Investigators interview an individual from the Violence Prevention and Response Office.  Otherwise denied.

173.    Admitted that, on August 21, 2019, the Investigator informed Plaintiff that it was not the Investigators' practice to interview advocates from the Violence Prevention and Response Office.  Further admitted that the Investigator informed Plaintiff that he was welcome to contact individuals in the Violence Prevention and Response Office directly and request that they submit a letter summarizing Plaintiff's statements.  Otherwise denied.

174.    Admitted that the Investigators did not request information from Plaintiff's student deans.  Answering further, Plaintiff had the opportunity to provide evidence to the Investigators and did not provide any information from his student deans.

175.    Denied.

176.    Denied.

177.    Denied.

178.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 178 and therefore those allegations are denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.  Answering further, both Plaintiff and Jane Roe had the opportunity to submit documents, including text messages, for review by the Investigators.

183.     Denied.  Answering further, both Plaintiff and Jane Roe had the opportunity to submit documents, including text messages, for review by the Investigators.

184.     Denied.  Answering further, both Plaintiff and Jane Roe had the opportunity to submit documents, including text messages, for review by the Investigators.

185.     Denied.

186.     Denied.

187.     Admitted that, on July 10, 2019, Jane Roe submitted additional details about alleged incidents of sexual misconduct by Plaintiff.  Otherwise denied.

188.     Admitted that on August 20, 2019, Plaintiff informed the Investigators that he intended to submit documentation supporting his allegations against Jane Roe.  Otherwise denied.

189.     Admitted that on June 14, 2019, Plaintiff informed the Investigators that he was working on documentation related to the investigation.  Otherwise denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Admitted that the materials provided to the Hearing Panel included letters from Jane Roe's advisor dated July 10, 2019, and August 29, 2019.  Otherwise denied.

195.     Denied.

196.     Admitted that the Title IX & Bias Response Office submitted an Investigation Report on September 10, 2019 (the "Report").  The Report is a writing that speaks for itself, and any characterizations thereof are denied.

197.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

198.    Admitted that Section C of the Report, titled "Assessing Credibility and Evaluating Evidence," contains the following statement:

> Under circumstances where the parties' accounts of events differ, the Investigators evaluate a number of factors to determine the appropriate weight that should be given to each parties' account.  These factors can vary based on the circumstances but typically include consideration of the following: demeanor, corroboration, plausibility, and motive to falsify.  These factors are also utilized by the Equal Employment Opportunity Commission when evaluating parties' testimony

Otherwise denied.

199.    Denied.

200.    Denied.

201.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

202.    Denied.

203.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

204.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

205.    Denied.

206.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

207.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

208.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

209.    Denied.

210.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.  Otherwise denied.

211.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 211 and therefore those allegations are denied.

212.    Denied.

213.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

220.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

221.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 221 and therefore those allegations are denied.  Further answering, MIT is unable to discern from this allegation the identity of the witness discussed herein.

222.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 222 and therefore those allegations are denied.  Further answering, MIT is unable to discern from this allegation the identity of the witnesses discussed herein.

223.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 223 and therefore those allegations are denied.  Further answering, MIT is unable to discern from this allegation the identity of the witness discussed herein.

224.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 224 and therefore those allegations are denied.  Further answering, MIT is unable to discern from this allegation the identity of the witness discussed herein.

225.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 225 and therefore those allegations are denied.  Further answering, MIT is unable to discern from this allegation the identity of the witness discussed herein.

226.    Denied.

227.    Admitted that Plaintiff submitted a photograph to the Investigators.  Otherwise denied.

228.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

229.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

230.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

231.    Denied.

232.    Denied.

233.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.  Otherwise denied.

234.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.  Otherwise denied.

235.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 235 and therefore those allegations are denied.

236.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 236 and therefore those allegations are denied.

237.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.  Otherwise denied.

238.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.  Otherwise denied.

239.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

240.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

241.    Denied.

242.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

243.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

244.    MIT is without sufficient information or knowledge to respond to the allegations in paragraph 244 and therefore those allegations are denied.

245.    Denied.

246.    Admitted that on September 13, 2019, a Hearing Panel of the COD (the "Hearing Panel") held a hearing to consider the allegations against Plaintiff, the Title IX investigation report, and Plaintiff's response.

247.    Denied.

248.    Admitted that the COD issued a written decision on September 17, 2019, in which it informed Plaintiff that the Hearing Panel had found him responsible for violating policies found in the applicable Mind and Hand Books.  Otherwise denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Admitted that the Mind and Hand Books for 2017–2018, 2018–2019, and 2019–2020 contain the quoted language.  Otherwise denied.

253.    Denied.

254.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

255.    The Report is a writing that speaks for itself, and any characterizations thereof are denied.

256.    Admitted that the Hearing Panel found Plaintiff responsible for violating MIT's policy against retaliation and that the Hearing Panel found Jane Roe not responsible for violating MIT's policy against retaliation.  Otherwise denied.

257.    Admitted that Jane Roe was found responsible for violating MIT's Community Well-Being policy.  Further admitted that Jane Roe was found not responsible for other policy

violations.  MIT denies that the Mind and Hand Book attached as Exhibit 3 applied to the conduct at issue in the investigation of allegations by Plaintiff and Jane Roe.  Otherwise denied.

258.   Denied.

259.   Admitted that Jane Roe was found not responsible for violating MIT's policies on Intimate Partner Violence and Institute Expectations of Student Behavior and Integrity. Otherwise denied.

260.   The Report is a writing that speaks for itself, and any characterizations thereof are denied.

261.   Admitted that the Hearing Panel found Plaintiff responsible for violating MIT's policy against Unauthorized Access and that the Hearing Panel found Jane Roe not responsible for violating MIT's policy against Unauthorized Access.  Otherwise denied.

262.   Admitted.

263.   Admitted that the Hearing Panel sanctioned Plaintiff to disciplinary expulsion. Further admitted that the Hearing Panel sanctioned Jane Roe to disciplinary warning.  Otherwise denied.

264.   Denied.

265.   Denied.

266.   Admitted that Plaintiff submitted an appeal on October 11, 2019, in which he claimed that the COD's decision was "untrue, substantially against the weight of the evidence, and the product of procedural error" (the "Doe Appeal Letter").  Otherwise denied.

267.   The Doe Appeal Letter is a writing that speaks for itself, and any characterizations thereof are denied.

268.     The Doe Appeal Letter is a writing that speaks for itself, and any characterizations thereof are denied.

269.     The Doe Appeal Letter is a writing that speaks for itself, and any characterizations thereof are denied.

270.     The Doe Appeal Letter is a writing that speaks for itself, and any characterizations thereof are denied.

271.     The Doe Appeal Letter is a writing that speaks for itself, and any characterizations thereof are denied.

272.     Admitted that on November 25, 2019, MIT's then-Chancellor issued a decision affirming the decisions of the COD.  Otherwise denied.

273.     MIT is without sufficient information or knowledge as to the allegations in paragraph 273 and therefore those allegations are denied.

274.     MIT is without sufficient information or knowledge as to the allegations in paragraph 274 and therefore those allegations are denied.

275.     MIT admits that Plaintiff has brought this action against MIT but denies that Plaintiff has asserted any viable claim against MIT.  MIT denies the remaining allegations in paragraph 275.

## CLAIM ONE
### Violation of Title IX
### (Selective Enforcement)

276.     The Institute restates and incorporates by reference its responses to Paragraphs 1 through 275 of the Complaint as if fully set forth herein.

277.     Admitted.

278.     Admitted that MIT receives federal funding and is subject to Title IX.  Otherwise denied.

279.     The allegations in paragraph 279 state conclusions of law to which no responsive pleading is required and are therefore denied.

280.     The allegations in paragraph 280 state conclusions of law to which no responsive pleading is required and are therefore denied.

281.     The allegations in paragraph 281 state conclusions of law to which no responsive pleading is required and are therefore denied.

282.     Denied.

283.     Denied.

284.     Denied.

285.     Denied.

286.     The allegations in paragraph 286 state conclusions of law to which no responsive pleading is required and are therefore denied.

287.     The allegations in paragraph 287 state conclusions of law to which no responsive pleading is required and are therefore denied.

288.     Denied.

289.     Denied.

290.     Admitted that the Investigators did not include in the Report information concerning Jane Roe's sexual history with individuals other than Plaintiff.  Otherwise denied.

291.     Denied.

292.     Denied.

293.     Denied.

294.     Denied.

295.     Denied.

296.    Denied.

## CLAIM TWO
### Violation of Title IX
### (Erroneous Outcome)

297.    The Institute restates and incorporates by reference its responses to Paragraphs 1 through 296 of the Complaint as if fully set forth herein.

298.    Denied.

299.    Denied.

300.    Paragraph 300 purports to characterize a writing that speaks for itself, and any characterizations thereof are denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Denied.

## CLAIM THREE
### Breach of Contract

311.    The Institute restates and incorporates by reference its responses to Paragraphs 1 through 310 of the Complaint as if fully set forth herein.

312.    The allegations in paragraph 312 state conclusions of law to which no responsive pleading is required and are therefore denied.

313.    The allegations in paragraph 313 state conclusions of law to which no responsive pleading is required and are therefore denied.

314.    Admitted that Plaintiff was admitted to MIT.  Otherwise denied.

315.    The allegations in paragraph 315 state conclusions of law to which no responsive pleading is required and are therefore denied.

316.    The allegations in paragraph 316 contain statements of law to which no responsive pleading is required and are therefore denied.

317.    MIT is without sufficient information or knowledge as to Plaintiff's purported state of mind and therefore that allegation is denied.  MIT denies all remaining allegations.

318.    MIT is without sufficient information or knowledge as to Plaintiff's purported understanding or expectation and therefore that allegation is denied.  MIT denies all remaining allegations.

319.    The allegations in paragraph 319 and its subparagraphs state conclusions of law to which no responsive pleading is required and are therefore denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

## CLAIM FOUR
### Promissory Estoppel

331.    The Institute restates and incorporates by reference its responses to Paragraphs 1 through 330 of the Complaint as if fully set forth herein.

332.    Denied.

333.    Denied.

334.    Denied.

335.    Denied.

336.    Denied.

337.    Denied.

338.    Denied.

## CLAIM FIVE
### Denial of Basic Fairness/Arbitrary and Capricious Decision-Making

339.    The Institute restates and incorporates by reference its responses to Paragraphs 1 through 338 of the Complaint as if fully set forth herein.

340.    The allegations in paragraph 340 state conclusions of law to which no responsive pleading is required and are therefore denied.

341.    The allegations in paragraph 341 state conclusions of law to which no responsive pleading is required and are therefore denied.

342.    The allegations in paragraph 342 state conclusions of law to which no responsive pleading is required and are therefore denied.

343.    The allegations in paragraph 343 state conclusions of law to which no responsive pleading is required and are therefore denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that any cause of action is based on events occurring outside the applicable statute of limitations, the cause of action is time-barred.

## THIRD AFFIRMATIVE DEFENSE

MIT is a charitable corporation and any recovery by Plaintiff is limited by the provisions of G.L. c.231, §85K.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel fails because it is duplicative of the claim for breach of contract and the doctrine of promissory estoppel is inapplicable where Plaintiff purports to rely upon a written document as the basis for his claim of breach of contract.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails because Plaintiff cannot establish that MIT breached any reasonable expectation created by any applicable Mind and Hand Book, Investigation Guide, or the Rules and Regulations of the Committee on Discipline.

## <u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims fail in their entirety because MIT always acted reasonably and in good faith, provided Plaintiff a process that afforded him basic fairness, and did not sanction Plaintiff arbitrarily and capriciously.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claim for promissory estoppel, which is based on an equitable doctrine, is barred by Plaintiff's unclean hands and violations of MIT's policies.

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff's damages, if any, must be reduced to the extent he failed to mitigate them.

## <u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's breach of MIT's policies bars his claims and/or requested relief.

WHEREFORE, Defendant Massachusetts Institute of Technology asks that this Court:

A.      Dismiss Plaintiff's claims with prejudice; and

B.      Award such relief as the Court deems just and proper.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY,**

By its attorneys,

/s/ Arielle B. Kristan
Scott A. Roberts (BBO #550732)
*sroberts@hrwlawyers.com*
Arielle B. Kristan (BBO #677048)
*akristan@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: December 20, 2022

## CERTIFICATE OF SERVICE

I, Arielle B. Kristan, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2022.

/s/ Arielle B. Kristan
Arielle B. Kristan (BBO #677048)