UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>   Plaintiff,<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br>   Defendant. | C.A. No. 1:22-cv-11540 |

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE UNDER A PSEUDONYM**

Defendant Massachusetts Institute of Technology ("MIT" or the "University") submits this response to Plaintiff's Motion to Continue Under a Pseudonym (ECF No. 32) (the "Pseudonym Motion"). This Court is aware of "the strong presumption against the use of pseudonyms in civil litigation" and the "sturdy foundation" on which that presumption rests. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 69 (1st Cir. 2022). As the First Circuit has explained, "[j]udicial hostility to a party's use of a pseudonym springs from our Nation's tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'" *Id*. at 68 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 567 (1980)). Recognizing that "[l]itigation by pseudonym should occur only in exceptional cases," the First Circuit has vested District Courts with "broad discretion to identify the relevant circumstances in each case and to strike the appropriate balance between the public and private interests." *Id*. at 70. Ultimately, this Court must decide whether the "totality of the circumstances" requires departure from the strong presumption against pseudonymous litigation, keeping in mind the First Circuit's hesitation to "craft[] sharp, categorical exceptions" to that presumption. *Id*.

1

MIT defers to the Court's sound judgment in determining whether Plaintiff has met his burden to show that the underlying circumstances of this case are truly exceptional. To assist the Court with the required analysis, MIT briefly addresses the following three issues to clarify several points raised in Plaintiff's motion.

### A. Harm to Non-Parties

Pseudonymity may be warranted in "cases in which identifying the would-be Doe would harm 'innocent non-parties.'" *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 71(quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1314–15 (11th Cir. 2011)). Although Plaintiff asserts that he is entitled to use a pseudonym because "[d]isclosure of John's identity would necessarily reveal Jane's identity, given their prior relationship and context provided in the Complaint," Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Continue Under a Pseudonym ("Memo"), p. 6, ECF No. 33, that need not and should not be the case. As Plaintiff acknowledges, his dispute is with MIT, not Jane. *Id.* ("John has lodged his complaint against MIT alone. . . ."). Jane's identity is not relevant to Plaintiff's claims, which focus on MIT's conduct in administering its Title IX and student discipline procedures. Nor, for that matter, are the identities of other student witnesses involved in those proceedings relevant. MIT will not seek to involve Jane or other student witnesses in this matter, and any suggestion that Plaintiff will name them in court filings if he is required to identify himself should not be permitted: if the Court denies Plaintiff's motion, Plaintiff should not name Jane or the student witnesses in any public filings, and the Court should instruct him not to do so. MIT is willing to be subject to a similar judicial restriction.

### B. Prior Actions

Use of a pseudonym may also be appropriate in "suits that are bound up with a prior proceeding made confidential by law" and where "denying anonymity in the new suit would

significantly undermine the interests served by that confidentiality." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 71.  But that is not the case here.

Plaintiff suggests that he should be permitted to proceed pseudonymously because he was "granted permission to use a pseudonym" in connection with a separate complaint—which has since been dismissed—that he filed with the Office for Civil Rights of the United States Department of Education ("OCR").  Memo, p. 9.  MIT is not aware of any such permission being granted, and it appears to be at odds with the information provided by the OCR to MIT, and by MIT to the OCR.  The OCR's notice to MIT identified Plaintiff by his full name, and MIT's comprehensive response to the request for information from the OCR did the same.  MIT was not advised or instructed by the OCR that Plaintiff had been "granted permission" to use a pseudonym.[1]

Plaintiff also argues that "[r]evelation of [his] identity . . . would compromise the anonymity provided in . . . [his] Title IX matter at MIT."  Memo, p. 9.  Although the confidentiality provisions of the Family Educational Rights and Privacy Act ("FERPA") and the Title IX regulations provide a level of confidentiality (with numerous exceptions), they do not provide for "anonymity."  Plaintiff's identity was known, among others, to Jane, to the MIT staff who conducted the Title IX investigation, to the Title IX Coordinator, to the members of MIT's Committee on Discipline ("COD") who heard the matter, to the Chancellor who reviewed Plaintiff's appeal, and to the student witnesses who participated in the investigation and adjudicative process.  Plaintiff's name also appeared on documents provided to the COD hearing panel, the appeal officer, and Jane.  Any of the students involved in the process, including Jane,

---

[1]   Out of respect for the pseudonym order currently in effect, MIT does not include the documents received from and provided to the OCR with this Response, but MIT is willing to make them fully available at the request of the Court.

3

could have—and still can—reveal Plaintiff's identity. Allowing pseudonymity on this basis could potentially be seen as establishing a bright-line rule that plaintiffs in any Title IX-related lawsuits would be allowed to proceed pseudonymously—in other words, the sort of "sharp, categorical exceptions to the strong presumption against pseudonymity in civil litigation" discouraged by the First Circuit. *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th at 70.

      C.      <u>Impact of Pseudonymous Status on Discovery</u>

Even setting aside the strong judicial interest in open proceedings, allowing Plaintiff continued use of a pseudonym raises significant practical challenges in this case, particularly with respect to discovery. *See Jane Roes 1–2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990, 995–96 (N.D. Cal. 2015) ("[I]t is foreseeable that anonymity would raise problems for discovery."). For example, Plaintiff has alleged that he has suffered "reputational damages" and "the loss of educational and career opportunities" as a result of MIT's actions. *See* Complaint, ¶¶ 273, 296, 310, 337, 347. MIT would be unable to conduct meaningful discovery seeking to explore and challenge the validity of those allegations if it could only refer to Plaintiff as "John Doe." MIT is entitled to obtain discovery from third parties related to those alleged harms, which may include requests to educational institutions and actual or potential employers to determine if Plaintiff has suffered any lost opportunity, and, if so, whether that loss is attributable to his expulsion or something else. If the Court concludes that Plaintiff is allowed to proceed pseudonymously, it should exercise its powers to manage pretrial proceedings to ensure that MIT's ability to develop and defend its case is not impaired. *See Jane Roes 1–2 v. SFBSC Management, LLC*, 77 F. Supp .3d at 995–96 ("[A]nonymity need not, and should not, impede either party's ability to develop its case."). In particular, MIT requests that it be allowed to reveal Plaintiff's name to third parties where necessary for discovery reasonably related to his allegations.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,
By its attorneys,

/s/ Scott A. Roberts
Scott A. Roberts (BBO #550732)
*sroberts@hrwlawyers.com*
Arielle B. Kristan (BBO #677048)
*akristan@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: March 14, 2023

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 14, 2023.

/s/ Scott A. Roberts
Scott A. Roberts (BBO #550732)